UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SUSAN HAMILTON                                                          CIVIL ACTION

VERSUS                                                                  NO. 20-226-SDD-SDJ

BELLE OF BATON ROUGE
CASINO AND HOTEL, et al.

## ORDER

Before the Court is Defendants' Motion to Compel (R. Doc. 6), which seeks an order compelling Plaintiff to provide available dates for her deposition and an independent medical examination (IME). It appears Plaintiff has agreed to the IME, but the parties are having trouble agreeing on a date and time. Defendants also ask the Court for an extension of expert discovery related deadlines to account for the delays caused by the issues resolved in this Order. Next, Plaintiff has filed a Motion for Protective Order (R. Doc. 15) in connection with Defendants' Motion to Compel (R. Doc. 15). In that Motion, Plaintiff asks the Court for a protective order allowing her deposition to be conducted by remote means and requiring that her IME be conducted during the first available morning appointment. Finally, Plaintiff has filed an Ex Parte Renewed Motion to Extend Pre-Trial Discovery/Motions/Expert Deadlines (R. Doc. 19), seeking a 90 day extension of certain deadlines. The Court resolves all three Motions below.

    **A.**    **Plaintiff's Deposition**

Rule 30(b)(4) of the Federal Rules of Civil Procedure provides that "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other

remote means." Here, Plaintiff has asked that her deposition be taken by remote means or, in the alternative, in an open-air setting. Defendants have agreed to the alternative request for an open-air setting. However, Defendants have not agreed to take Plaintiff's deposition by remote means, which she would prefer due to her age (70 years old) and the health risks posed by COVID-19. Defendants mention in a single footnote that a remote deposition is not a feasible alternative because "in this case, it is important to hold Plaintiff's deposition in person due to the multiple anticipated exhibits which will be required to confirm relevant issues presented by Plaintiff's claims and allegations." (R. Doc. 17 at 2 n.1).

Considering that Rule 30(b)(4) allows for the possibility of remote depositions, the Court is not convinced that the need to use exhibits is—by itself—a bar to conducting a deposition remotely. Indeed, many depositions involve exhibits, no matter the cause of action. And Defendants have not explained, and indeed the Court finds it difficult to see, how this case would warrant enough exhibits to overcome the health risks posed by an in-person deposition during a global pandemic.

The Court understands that remote depositions can pose logistical challenges and are not always ideal. But "[a]ttorneys and litigants all over the country are [having to] adapt[] to a new way of practicing law, including conducting depositions and deposition preparation remotely." *Grano v. Sodexo Mgmt., Inc.*, 335 F.R.D. 411, 415 (S.D. Cal. 2020). "Other courts have found that exhibits can be managed in remote depositions by sending Bates-stamped exhibits to deponents prior to the depositions or using modern videoconference technology to share documents and images quickly and conveniently." *United States for use & benefit of Chen v. K.O.O. Constr., Inc.*, 445 F. Supp. 3d 1055, 1057 (S.D. Cal. 2020) ("The Court is not convinced that voluminous and highly detailed exhibits are a bar to remote videoconference depositions.") (collecting cases); *In*

*re RFC and ResCap Liquidating Trust Action*, 2020 WL 1280931, at *3 (D. Minn. Mar. 10, 2020) (finding that "COVID-19's unexpected nature, rapid spread, and potential risk establish good cause for remote [trial] testimony"); *In re Broiler Chicken Antitrust Litig.*, 2020 WL 3469166, at *8 (N.D. Ill. June 25, 2020) ("[T]he Court agrees with Class Plaintiffs, and with other courts that recently have so held, that there are legitimate reasons for Class Plaintiffs to take at least the 18 depositions they now want to take by remote means because of the COVID-19 pandemic so as to protect the safety and health" of those involved.).

Therefore, Plaintiff's Motion for Protective Order (R. Doc. 15) is **GRANTED** to the extent Plaintiff seeks a **protective order** allowing her **deposition** to be conducted by **remote** means. And Defendants' Motion to Compel (R. Doc. 6) is **GRANTED** to the extent Defendants seek an order compelling **Plaintiff** to provide **deposition dates**. Plaintiff must provide Defendants with the dates and times she is available to sit for a remote **deposition** over the **next 37 days**. Plaintiff must provide those dates within **7 days** of this Order.

### B.     Plaintiff's IME

Second, Plaintiff is asking for a first-of-the-day appointment with Dr. Schroeder for her IME and the ability to access his office by stairs so that she may avoid as many people as possible inside the Bone & Joint Clinic. (R. Doc. 15 at-1 at 2). To date, the only appointment options have been around lunchtime, when Plaintiff fears the Clinic will be especially crowded. Defendants have genuinely tried to accommodate these requests and have confirmed that Plaintiff may use the stairs to avoid the elevator. But unfortunately, Defendants represent that Dr. Schroeder is "unable to accommodate" Plaintiff's request that she have the first appointment of the day and can only schedule the IME for lunchtime. (R. Doc. 17 at 3). Dr. Schroeder's office is, however, apparently

taking all necessary precautions to prevent the spread of COVID-19 and is willing to allow Plaintiff to wait in her car rather than the waiting room prior to her appointment. (R. Doc. 17 at 3).

COVID-19 "is a potentially fatal illness with the ability to spread through asymptomatic or pre-symptomatic carriers, with no approved cure, treatment, or vaccine, and unlike in other countries, new cases here are plateauing (or, in some areas, rising) rather than plummeting." *Joffe v. King & Spalding LLP*, 2020 WL 3453452, at *7 (S.D.N.Y. June 24, 2020). And the Court will make every reasonable effort to accommodate litigants and ensure their safety. For that reason, the Court **ORDERS** Defendants to **contact Dr**. **Schroeder's office** within **7 days** to determine what **other appointment times** are available between now and the end of the year for Plaintiff's IME, including any early morning or late afternoon appointments. Defendants should also obtain more **specific information** about **COVID-19 safety** measures at the Bone & Joint Clinic, which should at least include the ability to maintain social distancing while in the Clinic and whether the Clinic is typically busier around lunchtime, as Plaintiff fears. After Defendants obtain additional appointment options and safety information, they must **provide** that **information** to **Plaintiff** within **3 business days**. The Court encourages the parties to continue working together to amicably resolve this issue. But if the parties are still **unable** to **agree** on the conditions and scheduling of Plaintiff's IME, they should **contact** the **Court** for a telephone status conference to discuss the issue.

    **C.**    **Extension of Deadlines**

Finally, in their Motion to Compel, Defendants ask the Court to extend expert disclosure deadlines by 60 days and expert report deadlines by 90 days. Similarly, Plaintiff requests that the Court extend the deadlines for expert disclosures, expert reports, discovery, expert discovery, and dispositive and Daubert motions by 90 days. While the Court finds good cause to grant an

extension, it does not find that 90 days are warranted by the circumstances. Therefore, Defendants' Motion to Compel (R. Doc. 6) and Plaintiff's Ex Parte Renewed Motion to Extend Pre-Trial Discovery/Motions/Expert Deadlines (R. Doc. 19) are **partially GRANTED** and the Scheduling Order deadlines are modified as follows:

| | |
|---|---|
| Identification of Experts (Plaintiff): | December 15, 2020 |
| Identification of Experts (Defendants): | January 15, 2021 |
| Expert Reports (Plaintiff): | January 15, 2021 |
| Expert Reports (Defendants): | February 16, 2021 |

Signed in Baton Rouge, Louisiana, on November 2, 2020.

*/s/ Scott D. Johnson*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**